# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
REGINALD NOZIL

### DEFENDANTS
DEPUTY SHERIFF MATTHEW LIEBMAN, Badge No 681 and JOHN DOES 1-4, DEPUTY SHERIFF'S

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: 
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Noah S. Cohen, Esquire, Weir Greenblatt Pierce LLP
1339 Chestnut Street, Suite 500 Philadelphia, PA 19107
215-665-8181

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Unlawful detention; Violation of right to be free of unreasonable force, free of arrest without probable cause and right to free speech.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE: _____ DOCKET NUMBER: _____

DATE: 10/31/2024
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _____Philadelphia Family Court - 1501 Arch Street, Philadelphia, PA 19102_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☑ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief *see certification below*
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD NOZIL,<br>3425 Helen Street, Philadelphia, PA 19134 | : <br> : <br> : | CIVIL ACTION NO. 24-5850 |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| DEPUTY SHERIFF MATTHEW LIEBMAN,<br>Badge Number 681<br>JOHN DOES 1-4, DEPUTY SHERIFF'S,<br>Badge Numbers Unknown,<br>c/o Law Department<br>City of Philadelphia<br>1515 Arch Street<br>Philadelphia, PA 19102-1595 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : <br> : | |

## COMPLAINT

### JURISDICTION & VENUE

1. This Court has original jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

2. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b) as all material acts and omissions giving rise to this action occurred here within.

### PARTIES

3. Plaintiff Reginald Nozil is a resident of the Commonwealth of Pennsylvania, at the address set forth in the caption.

4. Defendant Deputy Sheriff Matthew Liebman was at all relevant times acting under color of state law. He is being sued in his individual capacity.

5. Defendant John Does 1-5, Badge numbers unknown, are and were at all times relevant to this Complaint, Deputy Sheriff officers for the City of Philadelphia and acting under color of state law. They are being sued in their individual capacity.

6. At all relevant times, defendants Liebman and the yet unknown officers ("the defendant officers"), who acted in concert and conspiracy and under color of state law, deprived the plaintiff of his constitutional and statutory rights.

## FACTUAL ALLEGATIONS

7. Mr. Nozil is forty-seven years old and is employed as a targeted case manager for COMHAR in Philadelphia, a position he has held since 2021. COMHAR is a 501(c)(3) non-profit that supports individuals in treatment and recovery in Philadelphia, Montgomery, and Northampton County.

8. In 2009, Mr. Nozil married Emmanuella Petit-Homme. In 2021, Ms. Petit-homme filed for divorce from Mr. Nozil in Philadelphia under docket number D21058694. During the following two years, Mr. Nozil and Ms. Petit-Homme had many court hearings in the Philadelphia Family Court building located at 1501 Arch Street.

9. While Ms. Petit-Homme has been represented by counsel throughout this process. Mr. Nozil has predominately represented himself during the divorce proceedings due to the cost of representation.

10. On April 28, 2023, Mr. Nozil and Ms. Petit-Homme had a hearing before the Honorable Holly J. Ford. After the hearing Mr. Nozil was frustrated at the entire process and approached Ms. Petit-Homme's attorney outside of the elevators on the first floor.

11. Mr. Nozil was speaking loudly regarding what he believed were unfair representations Ms. Petit-Homme's attorneys had made in legal filings, such as that the Protection

From Abuse Order that he received against Ms. Petit-Homme was "baseless." He proceeded to show Ms. Petit-Homme's attorney the bite marks on his arm from his client. Mr. Nozil was not threatening or otherwise aggressive towards Ms. Petit-Homme's attorney. The conversation lasted approximately a minute. This entire interaction was caught on video.

12. Mr. Nozil proceeded to speak loudly, though not yelling, his opinion, that the system is unfair as he was the person being abused yet that was not being reflected in the court hearings, and that the vast majority of people in family court are minorities.

13. An African-American Deputy Sheriff's Officer approached Mr. Nozil, who was still next to the elevators in the first floor lobby telling him to calm down and that this is not the place to voice these concerns. Mr. Nozil responded, then where can I, and said, "Look at this place. It's all black people. This one white woman is probably a lawyer."

14. Mr. Nozil proceeded to express his upset at his treatment specifically and the treatment of minorities generally in Family Court for a few minutes.

15. Mr. Nozil then hit the button to get onto the elevator to go back upstairs. However, before he was able to get onto the elevator, three to four additional Deputy Sheriff Officers, John Does 2-4, and Defendant Deputy Sheriff Officer Liebman came over. One of whom asked Mr. Nozil where he was going.

16. He responded that he was going upstairs to which the Deputy Sheriff Officer responded, "You're not going anywhere." At that point all five Deputy Sheriff Officers threw him to the ground, threatened to tase him, put their knees to his back, twisted his arm, picked him up and brought him onto the elevator with his head down – to a cell inside the building.

17. There was no legitimate basis to use physical force, seize or detain Mr. Nozil.

18. Mr. Nozil, was detained in a holding cell for thirty minutes to an hour.

19. Without probable cause or other lawful basis, Defendant Officer Liebman then issued Mr. Nozil a Code Violation to cover up the Defendant Officer's unwarranted and improper conduct.

20. On the Code Violation Mr. Liebman falsely stated that, "Male, Reginald Nozil was being very disorderly towards deputies and supervisors. Male refused to go upstairs and handle business."

21. At no time did Mr. Nozil violate any law, ordinance or statute, or in any way engage in behavior justifying his seizure, detentions or prosecution.

22. Upon his release, Mr. Nozil went to Temple University Hospital to receive treatment for the injuries he received from the Defendant Officers.

23. Defendant Liebman and the other officers knew they had no lawful basis to seize, use force upon, arrest or prosecute Mr. Nozil.

24. On December 15, 2023, the Code Violation issued by Defendant Liebman was dismissed -- a favorable disposition.

25. As a direct and proximate result of the actions of the Defendant Officers, jointly and severally, Mr. Nozil suffered damages as follows:

    a. Physical pain and suffering;

    b. Fear and mental anguish;

    c. Unlawful detention;

    d. Violation of his right to be free of unreasonable force;

    e. Violation of his right to be free of arrest without probable cause; and

    f. Violation of his right to free speech.

## CAUSES OF ACTION

### Plaintiff v. Defendant Officers
### Federal Civil Rights Violations Under 42 U.S.C. § 1983

26. Mr. Nozil hereby incorporates by reference all of the foregoing and further alleges as follows:

27. As a direct and proximate result of the conduct of the Defendant Officers, committed under color of state law, Mr. Nozil was deprived of his rights to be free of unreasonable seizure of his person, to be free of false arrest, to freedom of speech, to be secure in his person and property, to be free of punishment without due process, and to equal protection of the law.

28. As a result, Mr. Nozil suffered harm, including violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

29. The conduct of the Defendant Officers constituted the constitutional violations of unreasonable force, false arrest, and denial of free speech.

30. Mr. Nozil is entitled to his attorney's fees and costs of prosecution of this suit, pursuant to 42 U.S.C. § 1988.

## **JURY DEMAND**

31. Plaintiff demands a trial by jury as to each Defendant and as to each cause of action and claim.

**WHEREFORE**, Plaintiff demands judgment against each defendant, jointly and severally, along with costs, attorney's fees, interest, as to the individual defendants, and such other and further relief as the Court may deem just and proper.

DATE:   October 31, 2024

_____
Noah S. Cohen, Esquire
PA Attorney I.D. No. 313849
Weir Greenblatt Pierce LLP
1339 Chestnut Street, Suite 500
Philadelphia, Pennsylvania 19107
T: 215-665-8181
ncohen@wgpllp.com
*Attorneys for Plaintiff*