# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **REGINALD NOZIL,** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff** | : | **No. 24-5850 CH** |
| | : | |
| **v.** | : | |
| | : | |
| **MATTHEW LIEBMAN, et al.,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## DEFENDANT LIEBMAN'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Matthew Liebman ("Answering Defendant") by and through the undersigned counsel, hereby file this Answer with Affirmative Defenses and aver as follows.

### JURISDICTION AND VENUE

1. ADMITTED.

2. ADMITTED only that venue is appropriate for this instant action.

### PARTIES

3. The allegation in this paragraph pertains to a party other than answering Defendant and therefore requires no response. To the extent a response is required, denied.

4. The allegation in this paragraph pertains to a party other than answering Defendant and therefore requires no response. To the extent a response is required, denied.

5. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

6. The allegation in this paragraph pertains to a party other than answering Defendant and

therefore requires no response. To the extent a response is required, denied.

7. DENIED.

## FACTUAL ALLEGATIONS

8. The allegation in this paragraph pertains to a party other than answering Defendant and therefore requires no response. To the extent a response is required, denied.

9. The allegation in this paragraph pertains to a party other than answering Defendant and therefore requires no response. To the extent a response is required, denied.

10. The allegation in this paragraph pertains to a party other than answering Defendant and therefore requires no response. To the extent a response is required, denied.

11. The allegation in this paragraph pertains to a party other than answering Defendant and therefore requires no response. To the extent a response is required, denied.

12. The allegation in this paragraph pertains to a party other than answering Defendant and therefore requires no response. To the extent a response is required, denied.

13. The allegation in this paragraph pertains to a party other than answering Defendant and therefore requires no response. To the extent a response is required, denied.

14. The allegation in this paragraph pertains to a party other than answering Defendant and therefore requires no response. To the extent a response is required, denied.

15. The allegation in this paragraph pertains to a party other than answering Defendant and therefore requires no response. To the extent a response is required, denied.

16. The allegation in this paragraph pertains to a party other than answering Defendant and therefore requires no response. To the extent a response is required, denied.

17. DENIED as to the allegations directed at Answering Defendant.

18. The allegation in this paragraph pertains to a party other than answering Defendant and

therefore requires no response. To the extent a response is required, denied.

19. DENIED.

20. DENIED as to the allegations directed at Answering Defendant.

21. DENIED as to the allegations directed at Answering Defendant.

22. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

23. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

24. DENIED.

25. DENIED.

26. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

27. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

28. DENIED as to the allegations directed at Answering Defendant.

29. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

30. (a)-(f). The allegations in this paragraph constitute conclusions of law or Plaintiff's

statement of the case and, therefore, require no response. To the extent that a response is required, denied.

## CAUSES OF ACTION

31. Answering Defendant hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

32. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

33. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

34. DENIED as to the allegation(s) directed at Answering Defendant.

35. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

## JURY DEMAND

36. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

**WHEREFORE**, Answering Defendant Liebman denies that he is liable to Plaintiff, either jointly or severally, and demand judgment in his favor, together with reasonable attorney's fees and the costs of defending this action.

## JURY DEMAND AND AFFIRMATIVE DEFENSES

Answering Defendant demands a jury trial in this action.

## FIRST AFFIRMATIVE DEFENSE

Defendant asserts all of the defenses, immunities, and limitations of damages available to him under the "Political Subdivision Tort Claims Act" and avers that Plaintiff's remedies are limited exclusively thereto. Act of Oct. 5, 1980, No. 142, P.L. 693, 42 Pa. Cons. Stat. Ann. §8541 et seq.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity because, at all times material hereto, Individual Defendant was carrying out his duties in a reasonable, proper and lawful manner and in the exercise of good faith.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as Defendant's purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

At all times material to this civil action, Defendant acted in a reasonable, proper, and lawful manner.

**WHEREFORE**, Defendant denies that he is liable to Plaintiff, either jointly or severally, and demands judgment in his favor, together with reasonable attorney's fees and the costs of defending this action.

Respectfully submitted,

Date: June 13, 2025

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor

Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov

| | | |
|---|---|---|
| **REGINALD NOZIL,** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff** | : | **No. 24-5850 CH** |
| | : | |
| **v.** | : | |
| | : | |
| **MATTHEW LIEBMAN, et al.,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below Defendant Liebman's Answer with Affirmative Defenses was filed via the Court's electronic filing system and is available for viewing and downloading.

Respectfully submitted,

Date: June 13, 2025

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov